# UNITED STATES ARMY COURT OF CRIMINAL APPEALS

Before
WOLFE, SALUSSOLIA, and ALDYKIEWICZ
Appellate Military Judges

**UNITED STATES, Appellee**
v.
**Specialist CHAD T. NGUYEN**
**United States Army, Appellant**

ARMY 20170467

Headquarters, Fort Campbell
Matthew Calarco and Teresa Raymond, Military Judges
Colonel Andras M. Marton, Staff Judge Advocate

For Appellant:  Major Todd W. Simpson, JA; Major Joseph T. Marcee, JA.

For Appellee:  Pursuant to A.C.C.A.  Rule 15.4, no response filed.

23 August 2018

----------------------------------
SUMMARY DISPOSITION
----------------------------------

Per Curiam:

A military judge sitting as a general court-martial convicted appellant, consistent with his pleas, of one specification of absence without leave (AWOL), one specification of desertion, and one specification of possession of a controlled substance in violation of Articles 86, 85, and 112a, Uniform Code of Military Justice, 10 U.S.C. §§ 886, 885, and 912a (2012) (UCMJ).  The military judge sentenced appellant to a bad-conduct discharge, confinement for ten (10) months, and reduction to the grade of E-1. Pursuant to a pre-trial agreement, the convening authority reduced the confinement to ninety (90) days, but otherwise approved the adjudged sentence.

This case is before us for review pursuant to Article 66, UCMJ.  Appellant submitted this case to this Court without any assignments of error.  We notice one issue regarding appellant's waiver of his Rule for Courts-Martial (R.C.M.) 1105 matters that warrants discussion, but not relief.

**BACKGROUND**

Appellant left his unit without authority for nearly four months in late 2007. Eleven days after returning, appellant left his unit, again. This time, appellant left with the specific intent to avoid the hazardous duty associated with his unit's upcoming deployment to Afghanistan. The second absence would last over eight years.

Appellant returned to his unit, the 101st Combat Aviation Brigade, on 29 April 2016. About 292 days later, the government preferred charges against the accused for AWOL and desertion. After preferral of charges, a vehicle inspection found a small amount of marijuana in a prescription pill bottle hidden in appellant's car. On 21 June 2017, charges of AWOL, desertion, and possession of a controlled substance were referred to a general court-martial.

On 7 August 2017, about 465 days after appellant returned to his unit, appellant plead guilty to all offenses. Appellant waived his right to submit matters to the convening authority. *See generally* R.C.M. 1105. In submitting the waiver, the defense counsel stated the following:

> Recognizing your limitations under Article 60, UCMJ, SPC Nguyen requested to waive his rights under RCM 1105 in order to speed up processing of his automatic appeal.

**LAW AND DISCUSSION**

Our concern is that counsel's statement appears to presume that the convening authority's power under Article 60 was limited. When instead, because at least one offense predates 24 June 2014, the convening authority's power was nearly unfettered. *See* R.C.M. 1107, note (2016 ed.); R.C.M. 1107(c), (d) (2012 ed.).

Appellant has not alleged a claim that his counsel gave him poor advice or provided him ineffective assistance. And, importantly, appellant's desire to "speed up" the post-trial and appellate processing of his case was a separately valid basis to waive the submission of clemency matters. In our own review under Article 66(c), UCMJ, we also do not find appellant is entitled to any relief. *See generally Strickland v. Washington* 466 U.S. 668, 687 (1984); *United States v. Lee*, 52 M.J. 51, 53 (C.A.A.F. 1999).

## CONCLUSION

Finding no prejudicial error, and upon consideration of the entire record, the findings of guilty and the sentence as approved by the convening authority are AFFIRMED.

FOR THE COURT:

JOHN P. TAITT
Acting Clerk of Court